IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POSITEC USA INC., a North Carolina Corporation and POSITEC USA INC., a South Carolina Corporation,<br><br>        Plaintiffs,<br><br>   v.<br><br>MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>        Defendant. | C.A. No. 05-890 (GMS) |

**MILWAUKEE ELECTRIC TOOL CORPORATION'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**
<u>**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**</u>

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Jack B. Blumenfeld (#1014)<br>Leslie A. Polizoti (#4299)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>lpolizoti@mnat.com |
| OF COUNSEL:<br>Michael E. Husmann<br>Joseph T. Miotke<br>MICHAEL BEST & FRIEDRICH LLP<br>100 E. Wisconsin Avenue, Suite 3300<br>Milwaukee, WI 53201<br>(414) 271-6560 | |

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS ...................................................................................................... ii
NATURE AND STAGE OF THE PROCEEDING ............................................................... 1
SUMMARY OF ARGUMENT .............................................................................................. 1
STATEMENT OF FACTS ..................................................................................................... 2
ARGUMENT .......................................................................................................................... 3

    I.    Positec USA's Declaratory Judgment Action Should Be Dismissed For Lack Of Subject Matter Jurisdiction Because No Actual Controversy Exists. ............................................................................................................... 3

        A.    Standard For Dismissal Under F.R.C.P. 12(b)(1) ..................................... 3

        B.    Requirements for Declaratory Relief In Patent Actions ........................... 4

        C.    Positec USA Has No Reasonable Apprehension Of Suit Because It Has Never Received Any Communications From Milwaukee. .................. 6

        D.    Milwaukee's Communications With Positec China And Positec Germany Are Insufficient To Provide Positec USA With A Reasonable Apprehension Of Suit. ............................................................ 8

        E.    Under The Totality Of The Circumstances, Positec USA Has No Reasonable Apprehension Of Suit From Milwaukee. ............................. 10

    II.    Positec USA Lacks Standing To Bring This Action. ........................................... 10

CONCLUSION ................................................................................................................... 12

## TABLE OF CITATIONS

Page(s)

Cases

Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.,
   846 F.2d 731, 736 (Fed. Cir. 1988).................................................................................. 6, 8, 9

BP Chemicals Ltd. v. Union Carbide Corp.,
   4 F.3d 975, 978, 981 (Fed. Cir. 1993)............................................................................. 8, 10, 11

Cygnus Therapeutic Sys. v. Alza Corp.,
   92 F.3d 1153, 1158 (Fed. Cir. 1996).................................................................................... 4, 5

Fina Oil & Chem. Co. v. Ewen,
   123 F.3d 1466, 1469 & n.3 (Fed. Cir. 1997) ............................................................................ 4

Gen-Probe Inc. v. Vysis, Inc.,
   359 F.3d 1376, 1380 (Fed. Cir. 2004)..................................................................................... 5

Gould Elec. Inc. v. United States,
   220 F.3d 169, 176 (3d Cir. 2000)........................................................................................ 3, 4

Indium Corp. of America v. Semi-Alloys, Inc.,
   781 F.2d 879, 883 (Fed. Cir. 1985)......................................................................................... 4

Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha,
   57 F.3d 1051, 1053-54 (Fed. Cir. 1995) ................................................................................. 5

Sierra Applied Sci., Inc. v. Advanced Energy Indus., Inc.,
   363 F.3d 1361, 1373 (Fed. Cir. 2004).................................................................................. 4, 5

Site Microsurgical Systems v. Cooper Companies,
   797 F. Supp. 333, 338 (D. Del. 1992).................................................................................... 12

Spectronics Corp. v. H.B. Fuller Co.,
   940 F.2d 631, 633-34 (Fed. Cir. 1991) ................................................................................... 4

Teva Pharm. USA, Inc. v. Pfizer Inc.,
   395 F.3d 1324, 1333 (Fed. Cir., 2005).................................................................................. 5, 8

Turicentro, S.A. v. American Airlines Inc.,
   303 F.3d 293, 300 n.4 (3rd Cir. 2002) .................................................................................... 3

Ultra-Precision Mfg. Ltd. v. Ford Motor Co.,
   338 F.3d 1353, 1356 (Fed. Cir. 2003)..................................................................................... 4

iii.

Wallace Ex. Rel. Cencom v. Wood,
   752 A.2d 1175, 1183 (Del. Ch. 1999) .................................................................................. 14

<u>Statutes</u>

28 U.S.C. § 2201(a) ........................................................................................................................ 6

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................... 5

Federal Rules of Civil Procedure 12(b)(1) ................................................................................. 3, 5

## NATURE AND STAGE OF THE PROCEEDING

On December 27, 2005, Plaintiffs Positec USA Inc. (a North Carolina Corporation) and Positec USA Inc. (a South Carolina Corporation) (collectively, "Positec USA") filed a complaint seeking a declaratory judgment that: (1) the claims of various patents owned by Defendant Milwaukee Electric Tool Corporation ("Milwaukee") are invalid; and (2) Positec USA does not infringe the claims of those patents (D.I. 1 at 5-8). In response – and prior to filing its answer and discovery – Milwaukee files a motion to dismiss Positec USA's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) as well as this brief in support.

## SUMMARY OF ARGUMENT

No actual controversy exists between Milwaukee and Positec USA for this Court to decide. Positec USA has never received any communications from Milwaukee, much less any communications sufficient to provide Positec USA with a reasonable apprehension of a patent infringement suit by Milwaukee. While Milwaukee has corresponded with foreign entities it suspected of manufacturing a product that could involve Milwaukee's patents, Milwaukee has never communicated with any U.S. distributors of this product, which include Positec USA. Communications with a manufacturer relating to potential patent issues, without more, do not vest standing in the manufacturer's distributors to bring a declaratory judgment action. Additionally, to the extent Positec USA is attempting to assert the rights of its foreign affiliates, Positec USA lacks the standing to do so. This case should be dismissed for a lack of subject matter jurisdiction.

# **STATEMENT OF FACTS**[1]

Milwaukee is the assignee of several patents and patent applications relating to circular saws having a movable handle. These patents include U.S. Patent Nos. 6,108,916, 6,301,790, and 6,588,112 (Ex. 1). When Milwaukee became aware of the WORX Circular Saw in the September 2005 issue of *Popular Science*, which also has a movable handle, Milwaukee contacted Positec Germany GmbH ("Positec Germany") on September 9 to inquire further about the design of this saw as well as its manufacturer (Ex. 2). When Positec Germany referred Milwaukee's inquiry to Positec Machinery Co. Ltd. in China ("Positec China") on September 19, Milwaukee then contacted Positec China on October 10 to again inquire about the design of the WORX Circular Saw and its manufacturer (Exs. 3 and 4). Positec China responded on October 23, 2005 with a short response simply stating that "Positec does not make use of any valid claim of Milwaukee" without providing any further description of the WORX Circular Saw nor any details supporting its position (Ex. 5). Milwaukee responded on November 4 requesting the basis for Positec China's claim that it did not infringe Milwaukee's patent rights as well as sales information so that Milwaukee could obtain a sample of the WORX Circular Saw (Ex. 6).

Positec China never responded to Milwaukee's November 4 inquiry (Ex. 7). Milwaukee subsequently obtained a sample of the WORX Circular Saw, and after reviewing the saw, sent a letter to Positec China on December 15, 2005 explaining its position that the saw appeared to read on the claims of Milwaukee's U.S. Patent No. 6,588,112. Milwaukee again asked Positec China to explain its position that it does not infringe any valid claim of Milwaukee's patents (*id.*). Milwaukee further requested confirmation that Positec China was the manufacturer of the saw, and if Positec China was not, requested the contact information for the actual manufacturer

---

[1] "Ex. ___" refers to the exhibits attached to the Declaration Edward R. Lawson, Jr.

(*id*.).  Milwaukee requested a response to its inquiries by December 29, 2005.  Positec China never responded.

On December 27, 2005, Positec USA filed the present declaratory judgment action against Milwaukee (D.I. 1 at 1).  Milwaukee has never communicated with Positec USA, and the receipt of the complaint was the first communication Milwaukee ever received from Positec USA (Lawson Decl. at ¶ 9).  In its complaint, Positec USA states that it sells WORX Circular Saws manufactured by Positec China (D.I. 1 at 2).  Positec USA bases its declaratory judgment action against Milwaukee solely upon Milwaukee's communication with Positec China and Positec Germany (*id.* at 1-8).  Positec USA does not allege in its Complaint (nor could it) that it ever communicated with Milwaukee or that Milwaukee ever referenced Positec USA in its communications with Positec China or Positec Germany (*id*.).

## ARGUMENT

### I. Positec USA's Declaratory Judgment Action Should Be Dismissed For Lack Of Subject Matter Jurisdiction Because No Actual Controversy Exists.

#### A. Standard For Dismissal Under F.R.C.P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a suit if the court lacks subject matter jurisdiction over the claims in question.  Fed. R. Civ. P. 12(b)(1) & 12(h)(3).  Unlike challenges under Federal Rule of Civil Procedure 12(b)(6), challenges to a district court's jurisdiction under Rule 12(b)(1) may be "facial" or "factual."  *See, e.g.*, *Turicentro, S.A. v. American Airlines Inc.*, 303 F.3d 293, 300 n.4 (3rd Cir. 2002); *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  Facial attacks contest the sufficiency of the pleadings while factual attacks contest the factual allegations in the pleadings.  *Id*.  When considering a factual attack, a district court "accords plaintiff's allegations no presumption of truth" and may consider evidence outside the pleadings, including "affidavits, documents, and even limited evidentiary

4.

hearings." *Id*. "[I]f there is a dispute of a material fact, the court must conduct a plenary trial on the contested facts prior to making a jurisdictional determination." *Gould*, 220 F.3d at 177.

B. <u>**Requirements for Declaratory Relief In Patent Actions**</u>

As a threshold matter, Federal Circuit law governs in determining whether a court has jurisdiction to enter a declaratory judgment that the patents in dispute are not infringed and invalid. *See*, *e.g.*, *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1356 (Fed. Cir. 2003) ("We apply our own law and not the law of the regional circuit to issues concerning our jurisdiction"); *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1469 & n.3 (Fed. Cir. 1997) (Fed Circuit law governs motion to dismiss declaratory judgment action based on absence of reasonable apprehension of suit for patent infringement).

A district court cannot render a declaratory judgment unless there is an actual controversy over which the court may exercise jurisdiction. *See*, *e.g.*, 28 U.S.C. § 2201(a); *Fina Oil & Chem. Co.*, 123 F.3d at 1470; *Cygnus Therapeutic Sys. v. Alza Corp.*, 92 F.3d 1153, 1158 (Fed. Cir. 1996). "The existence of an actual controversy is an absolute predicate for declaratory judgment jurisdiction. . . . When there is no actual controversy, the court has no discretion to decide the case." *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 633-34 (Fed. Cir. 1991). The declaratory judgment plaintiff bears the burden of proving "'the existence of facts underlying' his allegations of the existence of an actual controversy" and "that jurisdiction over its declaratory judgment action existed at, and has continued since, the time the complaint was filed." *See*, *e.g.*, *Sierra Applied Sci., Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1373 (Fed. Cir. 2004); *Indium Corp. of America v. Semi-Alloys, Inc.*, 781 F.2d 879, 883 (Fed. Cir. 1985).

5.

The Federal Circuit has adopted a two-prong test for determining whether an actual controversy exists in a patent declaratory judgment action. A plaintiff must prove:

(1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit; and

(2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*See*, *e.g.*, *Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1380 (Fed. Cir. 2004).

With respect to the first requirement, a declaratory judgment plaintiff must prove that "it has a reasonable apprehension of **imminent** suit." *Teva Pharm. USA, Inc. v. Pfizer Inc.*, 395 F.3d 1324, 1333 (Fed. Cir. 2005) (emphasis added). "This requirement of imminence reflects the Article III mandate that the injury in fact be 'concrete,' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. The test for the reasonableness of a party's apprehension of suit is an objective one. *See*, *e.g.*, *Cygnus Therapeutic Sys.*, 92 F.3d at 1159; *see also Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha*, 57 F.3d 1051, 1053-54 (Fed. Cir. 1995) (reasonable apprehension of suit "requires more than nervous state of mind of a possible infringer"). Reasonable apprehension of suit may be shown by express charges of infringement by the defendant, or – if no such charges are made – may be shown by the "totality of the circumstances." *See*, *e.g.*, *Cygnus Therapeutic Sys.*, 92 F.3d at 1155.

With respect to the second requirement, Article III requires a dispute "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Sierra Applied Sci., Inc.*, 363 F.3d at 1378 (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

      **C.**    **Positec USA Has No Reasonable Apprehension Of Suit Because It Has Never Received Any Communications From Milwaukee.**

Positec USA has never received any communications from Milwaukee regarding the Milwaukee patents, and as a result, cannot demonstrate a reasonable apprehension that Milwaukee will file a patent infringement action against it. Positec USA's Complaint acknowledges this fact, and instead relies upon communications made by Milwaukee to two foreign entities, specifically Positec China and Positec Germany (D.I. 1 at 3-5). Positec China manufactures the WORX Circular Saw, exports the saw to the United States, and Positec USA sells the saw in the United States (*id.* at 2). Positec Germany's role with respect to the saw is unclear (Ex. 2).

While direct communication between the patentee and declaratory judgment plaintiff is not an absolute prerequisite to declaratory judgment jurisdiction, none of the communications between Milwaukee and either Positec China or Positec Germany are sufficient to provide Positec USA with a reasonable apprehension of suit. *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988). Regardless of who the patentee makes statements to regarding its patent rights, these statements must demonstrate that the declaratory judgment "plaintiff or 'its customers face an infringement suit or *threat* of one.'" *Id.* Indeed, none of the communications from Milwaukee to Positec China or Positec Germany reflect any intention to initiate a patent infringement action against Positec USA or its customers. These communications actually reflect an intention to not pursue action against distributors or resellers of the WORX Circular Saw and instead an intention to address patent issues directly with the manufacturer of the saw.

In its September 9, 2005 letter to Positec Germany, Milwaukee stated:

> If your company does not <u>manufacture</u> the WORX Circular Saw or if potentially infringing components of the WORX Circular Saw are <u>manufactured</u> by others, please provide to us the name, address, and contact information of these <u>manufacturers</u> so that Milwaukee can advise such parties of Milwaukee's intellectual property rights.

(Ex. 2 (emphasis added)).  Positec Germany responded by directing Milwaukee to Positec China (Ex. 3).  On October 10, 2005, Milwaukee then sent a letter to Positec China and again inquired about the <u>manufacturer</u> of the saw.

> If your company does not <u>manufacture</u> the WORX Circular Saw or if potentially infringing components of the WORX Circular Saw are <u>manufactured</u> by others, please provide to us the name, address, and contact information of these <u>manufacturers</u> so that Milwaukee can advise such parties of Milwaukee's intellectual property rights.

(Ex. 4 (emphasis added)).  Positec China then responded in a brief email on October 23, 2005 and simply denied that Positec "make[s] use of any valid claim of Milwaukee" (Ex. 5).  In response, on November 4, 2005 Milwaukee sought to obtain engineering drawings of the saw from Positec China based upon the understanding that Positec China was the actual manufacturer of the saw (Ex. 6).  After receiving no response from Positec China and after obtaining an actual sample of the WORX Circular Saw, Milwaukee again contacted Positec China in a letter dated December 15, 2005 (Ex. 7).  This letter again emphasized Milwaukee's interest in dealing directly with the saw's manufacturer and stated:

> If your company does not <u>manufacture</u> the WORX Circular Saw and the other substantially similar circular saws, we insist that you provide to us **immediately** the name, address and contact information of the <u>manufacturer</u> and of the importer, if these parties are different, so that Milwaukee can enforce its intellectual property rights against such parties.

(*id*. (emphasis added)).  These communications all demonstrate Milwaukee's interest in dealing directly with the <u>manufacturer</u> of the saw to address Milwaukee's intellectual property issues.

None of these communications could have created a reasonable apprehension on the part of Positec USA – the distributor of these saws – that Milwaukee would file suit against it.

      **D.    Milwaukee's Communications With Positec China And Positec Germany Are Insufficient To Provide Positec USA With A Reasonable Apprehension Of Suit.**

Positec USA has no reasonable apprehension of suit based upon any of Milwaukee's communications with Positec China or Positec Germany. Positec USA states in its complaint that it sells WORX Circular Saws manufactured by Positec China, in effect stating that it is a customer or sales representative of Positec China (D.I. 1 at 2). While statements to the customers of a declaratory judgment plaintiff are one of the factors considered in determining whether the plaintiff has a reasonable apprehension of suit, *Arrowhead Indus. Water*, 846 F.2d at 736, statements made by a patentee to the manufacturer are not a factor in determining whether the manufacturer's customer has a reasonable apprehension of suit by the patentee. *Teva Pharm.*, 395 F.3d 1324, 1331-32; *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978, 981 (Fed. Cir. 1993); *Arrowhead Indus. Water*, 846 F.2d at 736; *R & P Pools, Inc. v. The New Kayak Pool Corp.*, Case No. 01-CV-0051E(M), 2001 U.S. Dist. LEXIS 1505 at *3-*5 (W.D.N.Y. Feb. 14, 2001) (cease and desist letter to manufacturer did not provide customer with reasonable apprehension of suit from patentee) (Ex. 8).[2]

The reason that statements made to a declaratory judgment plaintiff's customer can create a reasonable apprehension on the part of the patentee was most colorfully explained by the Federal Circuit in *Arrowhead Indus. Water*:

> In the patent version of the scenario, a patent owner engages in a *danse macabre*, brandishing a Damoclean threat with a sheathed sword. Guerrilla-like, the patent owner attempts extra-judicial patent enforcement with scare-the-customer-and-run

---

[2]     Ex. 8 is not identified in the Lawson Declaration but follows the sequential exhibit numbering for convenience.

tactics that infect the competitive environment of the business community with uncertainty and insecurity.

846 F.2d at 735. In other words, the patentee generally cannot threaten patent litigation against customers of the manufacturer of an allegedly infringing product without also creating in the manufacturer the requisite apprehension of suit sufficient for the manufacturer to maintain a declaratory judgment action against the patentee. In that manner, the disruption of the competitive environment caused by "scare-the-customer-and-run tactics" are ended. If this were not the case, the manufacturer of the product would be forced to sit back and wait until the patentee actually made sufficient threats against it before anything could be done to stop the "scare-the-customer-and-run tactics."

The same rationale explains why statements made by a patentee to a manufacturer, without more, do not create an apprehension of suit in the manufacturer's customers. Enabling customers to initiate a declaratory judgment action against a patentee based solely upon the patentee's discussions with a manufacturer would effectively preclude a patentee from attempting to resolve patent infringement issues with the manufacturer before involving the manufacturer's customers. The moment a patentee discussed potential infringement with a manufacturer, the patentee would run the risk that any of the manufacturer's distributors, resellers, or customers could initiate a declaratory judgment action against the patentee based solely upon the patentee's discussions with the manufacturer.

The communications between Milwaukee and the manufacturer of the WORX Circular Saw do not enable Positec USA to bring a declaratory judgment against Milwaukee. Moreover, Milwaukee must be permitted to attempt to resolve any potential patent issues regarding the WORX Circular Saw with its Chinese manufacturer before being forced to litigate a declaratory judgment action with the U.S. distributors of the saw. Milwaukee chose to contact the

manufacturer of the WORX Circular Saw and not the myriad resellers of the saw, including Positec USA: dealing directly with the manufacturer of an allegedly infringing product can stop the distribution of the product from a central point, while attempting to deal in the first instance with distributors or other customers of the manufacturer is akin to cutting the head off a hydra: as soon as one disappears, two more appear.

### E.  Under The Totality Of The Circumstances, Positec USA Has No Reasonable Apprehension Of Suit From Milwaukee.

The totality of the circumstances warrant the dismissal of Positec USA's declaratory judgment action against Milwaukee. The facts as alleged in the complaint do not demonstrate that Positec USA has any reasonable apprehension of suit against it by Milwaukee. Indeed, Milwaukee has not even communicated with Positec USA prior to this law suit. All communications have been with Positec China and Positec Germany, first to determine the manufacturer of the WORX Circular Saw, and then to address potential patent issues directly with the saw manufacturer, Positec China. Milwaukee has not made any communication – or taken any actions – that would have lead a distributor of the WORX saw to believe that Milwaukee intended to file suit against it.

## II.  Positec USA Lacks Standing To Bring This Action.

To the extent that Positec USA attempts to step into the shoes of Positec China or Positec Germany and assert a declaratory judgment action on behalf of these foreign entities, Positec USA lacks the standing the standing to do so. As a result, the Court lacks subject matter jurisdiction over this case for this reason as well. It is fundamental that a party asserting a declaratory judgment claim must have standing to assert its claim. *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 981 (Fed. Cir. 1993). Moreover, declaratory judgment plaintiffs

11.

must "assert their own legal rights and interests," and not the rights and interests of third parties. *Id*.

Positec USA relies solely upon Milwaukee's communications with foreign entities, Positec China and Positec Germany, to form its basis for declaratory relief (D.I. 1 at 3-5). Positec USA relies vicariously upon the reaction of Positec China and Positec Germany to form the basis of its alleged reasonable apprehension of an infringement lawsuit (*id*.). Such reliance is entirely improper and demonstrates that Positec USA is simply attempting to assert a declaratory judgment on behalf of one (possibly two) foreign businesses. Indeed, as noted by the Federal Circuit:

> [A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," and that the injury "fairly can be traced to the challenged action" and is likely to be redressed by a favorable decision."

*BP Chemicals*, 4 F.3d at 981 (citations omitted). Here, the only threatened injury Positec USA can allege in its complaint is the purported injury to Positec China or Positec Germany resulting from Milwaukee's communications. This nebulous "injury" purportedly suffered by Positec USA would be no different than the "injury" any retailer across the United States with a WORX Circular Saw on its shelf could allege in an declaratory judgment complaint alleging the same facts as those alleged in Positec USA's complaint. Positec USA's inability to allege any injury it has personally suffered thus demonstrates Positec's USA's lack of standing to maintain this action.

To the extent that Positec USA seeks to rely upon an affiliation with either Positec China or Positec Germany, such affiliation does not change the conclusion that Positec lacks standing to maintain this action. Positec USA must be treated as a distinct entity from either Positec

12.

China or Positec Germany. *See Wallace Ex. Rel. Cencom v. Wood*, 752 A.2d 1175, 1183 (Del. Ch. 1999) ("Persuading a Delaware court to disregard the corporate entity is a difficult task."). Not surprisingly, Positec USA does not allege any facts in the complaint that its status as a corporate entity should be disregarded. Even if two entities are affiliated (e.g., parent and subsidiary), such a relationship does not confer in one the standing to assert the rights of the other. *Site Microsurgical Sys. v. Cooper Companies*, 797 F. Supp. 333, 338 (D. Del. 1992) ("The Court is not convinced, and the plaintiff offers no authority, that mere ownership of corporate stock gives a non-patent owner standing to sue for patent infringement.").

## **CONCLUSION**

For the foregoing reasons, Milwaukee respectfully requests that the Court enter an Order dismissing, with prejudice, Positec's USA Complaint for a lack of subject matter jurisdiction.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Leslie A. Polizoti*

_____
Jack B. Blumenfeld (#1014)

OF COUNSEL:

Michael E. Husmann
Joseph T. Miotke
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
(414) 271-6560

Leslie A. Polizoti (#4299)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
lpolizoti@mnat.com
(302) 658-9200
*Attorneys for Defendant Milwaukee Electric Tool Corporation*

January 17, 2006

**CERTIFICATE OF SERVICE**

I certify that on January 17, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to William J. Marsden, Jr.

I further certify that on January 17, 2006 I caused to be served true and correct copies of the foregoing document on the following in the manner indicated:

**BY HAND**

William J. Marsden, Jr.
FISH & RICHARDSON P.C.
919 N. Market St., Suite 1100
Wilmington DE 19899

**BY FEDERAL EXPRESS**

Alan D. Smith
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110

/s/ *Leslie A. Polizoti*
Leslie A. Polizoti (#4299)