IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POSITEC USA INC., a North Carolina Corporation and POSITEC USA INC., a South Carolina Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>Defendants. | C.A. No. 05-890-GMS |

### **DECLARATION OF THOMAS DUNCAN**

I, Thomas Duncan, hereby by declare as follows:

1. I am the President of Positec USA (South Carolina) and Positec USA (North Carolina) (collectively "Positec USA"). Positec USA is a subsidiary of Positec Group Limited ("Positec Group"), a Hong Kong company whose subsidiaries manufacture and sell power tools in China. Throughout this declaration, I will refer to these subsidiaries as "Positec companies."

2. Positec USA's business involves importing products made by Positec companies into the United States, and acting as a distributor of those products to United States retail outlets.

3. Although the Positec Group has a number of other subsidiaries, Positec USA is the only Positec company doing business in the United States.

4. Among the Positec products that Positec USA imports into the United States is the WORX Circular Saw. Positec USA purchases these saws from Positec Industrial (Hong Kong) Co. Ltd., a Positec company, and takes title to them in China. After importing WORX Circular Saws into the United States, Positec USA resells them to retail outlets throughout the United States. No other Positec company imports or sells

WORX Circular Saws in the United States. Through 2005, Positec USA was the only Positec company that sold the WORX Circular Saw anywhere in the world, outside of China.

5. Shortly after September 9, 2005, I was informed by Jia Wu, General Counsel for the Positec companies, that a Positec subsidiary in Germany had received a letter from Edward R. Lawson, Jr., an attorney representing Milwaukee Electric Tool Corporation ("Milwaukee"). Mr. Lawson's letter asserted that the movable handle on the WORX Circular Saw was "proprietary and a valuable property right of Milwaukee," and identified three U.S. patents and a published patent application owned by Milwaukee. A copy of that letter is attached to Mr. Lawson's declaration in this case as Exhibit 2.

6. Upon receiving Mr. Lawson's letter, I immediately understood that Milwaukee was accusing the WORX Circular Saw of infringing its United States Patent rights. I was quite concerned about this because I knew that Milwaukee and its parent company, Techtronic Industries Co. Ltd. (Hong Kong) was a direct competitor of Positec in the United States market for power tools, and in the past had aggressively enforced its patent rights against other companies in this field. Since Positec USA was the only Positec company doing business in the United States, and the only Positec company that was selling the WORX Circular saw outside of China, I concluded that Positec USA could be a potential target of a patent infringement suit by Milwaukee.

7. On or about October 10, 2005, I received a copy of a second letter from Mr. Lawson, this time directed to Positec Machinery Co. Ltd., another Positec company based in China. This letter is attached to Mr. Lawson's declaration as Exhibit 4. This second letter reiterated the accusations made in the September 9, 2005 letter, and made it clear to me that Milwaukee was intent on tracking down a Positec company that made or sold the WORX Circular saw so that it could commence a patent infringement action against it.

8. On or about December 15, 2005, I received a copy of a third letter from Mr. Lawson, again directed to Positec Machinery Co., Ltd. This letter is attached to Mr. Lawson's declaration as Exhibit 7. This letter was even more aggressive than the first two. It explicitly stated that the WORX Circular Saw infringed specific claims of one of the Milwaukee patents, demanded that Positec pay compensation to Milwaukee for WORX Circular Saws that had already been sold in the United States, and specifically threatened to commence a patent infringement lawsuit if Positec did not stop selling the WORX Circular Saw. Moreover, the letter demanded that Positec identify the name of any companies that imported the WORX Circular Saw so that it could "enforce its intellectual property rights against these parties."

9. After receiving Milwaukee's December 15 letter, I became convinced that Positec USA had to take immediate legal action to resolve the issue of whether the WORX Circular Saw infringed any of Milwaukee's patents. Given the increasingly aggressive tone of the letter from Milwaukee's counsel, I realized that Milwaukee was intent on using allegations of patent infringement to disrupt sales of the WORX Circular Saw in the United States, but I did not know how or when they would attempt to do so.

10. I was particularly concerned that Milwaukee would repeat its accusations of patent infringement to the retail outlets who distribute our products, and thus interfere with our business relations with them, or that Milwaukee might seek an injunction to prevent outright our future sales of WORX Circular Saw in the United States. Either of these steps by Milwaukee could potentially disrupt our ability to sell the WORX Circular Saw or convince new retail outlets to not carry this product. Because Positec USA was planning on expending significant money and effort on a marketing campaign for the WORX Circular Saw, I wanted to resolve this issue now, without having to wait for Milwaukee to formally file suit against Positec USA.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge.

Dated: January 31, 2006

_____
Thomas Duncan

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of January, 2006, I electronically filed Declaration of Thomas Duncan in support of Plaintiffs' Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1) using CM/ECF which will send notification of such filing to the following.  A copy will also be hand delivered.

| | |
|---|---|
| Jack B. Blumenfeld, Esq. | *Attorney for Defendant* |
| Morris, Nichols, Arsht & Tunnell | *Milwaukee Electric Tool Corporation* |
| 1201 North Market Street | |
| P.O. Box 1347 | |
| Wilmington, DE 19899-1347 | |

I also certify that on January 31, 2006, I mailed by United States Postal Service, the above documents to the following non-registered participants:

| | |
|---|---|
| Michael E. Husmann | *Attorneys for Defendant* |
| Joseph T. Miotke | *Milwaukee Electric Tool Corporation* |
| Michael Best & Friedrich LLP (Milwaukee) | |
| 100 East Wisconsin Avenue | |
| Milwaukee, WI  53202-4108 | |

                                                     */s/ Sean P. Hayes*
                                                     Sean P. Hayes (#4413)

21250809.doc