IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| POSITEC USA INC., a North Carolina Corporation and POSITEC USA INC., a South Carolina Corporation, | ) ) ) | |
| | ) | C.A. No. 05-890 (GMS) |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| MILWAUKEE ELECTRIC TOOL CORPORATION, | ) ) ) ) | |
| Defendant. | ) | |

**MILWAUKEE ELECTRIC TOOL CORPORATION'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)</u>**

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP
          Jack B. Blumenfeld (#1014)
          Leslie A. Polizoti (#4299)
          1201 North Market Street
          P.O. Box 1347
          Wilmington, DE  19899-1347
          (302) 658-9200
          jblumenfeld@mnat.com
          lpolizoti@mnat.com
            *Attorneys for Defendant*

OF COUNSEL:           *Milwaukee Electric Tool Corporation*

Michael E. Husmann
Joseph T. Miotke
MICHAEL BEST & FRIEDRICH LLP
100 E. Wisconsin Avenue, Suite 3300
Milwaukee, WI  53202
(414) 271-6560

February 7, 2006

## TABLE OF CITATIONS

Page(s)

Cases

*BP Chem. Ltd. v. Union Carbide Corp.,*
   4 F.3d 975, 978 (Fed. Cir. 1993) ................................................................................................ 9

*Crystal Semiconductor Corp. v. Tritech Microelecs. Int'l, Inc.,*
   246 F.3d 1336, 1344, 1351 (Fed. Cir. 2001) .............................................................................. 5

*Cygnus Therapeutic Sys. v. Alza Corp.,*
   92 F.3d 1153, 1159 (Fed. Cir. 1996) ...................................................................................... 8-9

*Ethicon, Inc. v. American Cyanamid Co.,*
   369 F. Supp. 934, 935-36 (D.N.J. 1973) .................................................................................... 7

*Indium Corp. of America v. Semi-Alloys, Inc.,*
   781 F.2d 879, 883 (Fed. Cir. 1985) ............................................................................................ 8

*Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha,*
   57 F.3d 1051, 1053-54 (Fed. Cir. 1995) .................................................................................... 9

*R&P Pools, Inc. v. The New Kayak Pool Corp.,*[1]
   2001 U.S. Dist. LEXIS 1505, at *1-6 (W.D.N.Y. Feb. 14, 2001) ....................................... 9, 10

*Volkswagen of America, Inc. v. Engelhard Minerals & Chems. Corp.,*
   401 F. Supp. 1210, 1213 (S.D.N.Y. 1975) ................................................................................. 6

Statutes

35 U.S.C. § 271(b) .......................................................................................................................... 5

---

[1] *New Kayak Pool* was attached as D.I. 11, Ex. 8 to the Declaration of Edward R. Lawson, Jr. filed with the opening brief, but is not identified in the Declaration of Edward R. Lawson, Jr. (D.I. 11) filed with the opening brief.

## TABLE OF CITATIONS

Page(s)

Cases

*BP Chem. Ltd. v. Union Carbide Corp.,*
   4 F.3d 975, 978 (Fed. Cir. 1993)......................................................................................... 9

*Crystal Semiconductor Corp. v. Tritech Microelecs. Int'l, Inc.,*
   246 F.3d 1336, 1344, 1351 (Fed. Cir. 2001).................................................................... 5

*Cygnus Therapeutic Sys. v. Alza Corp.,*
   92 F.3d 1153, 1159 (Fed. Cir. 1996)................................................................................. 9

*Ethicon, Inc. v. American Cyanamid Co.,*
   369 F. Supp. 934, 935-36 (D.N.J. 1973).......................................................................... 7

*Indium Corp. of America v. Semi-Alloys, Inc.,*
   781 F.2d 879, 883 (Fed. Cir. 1985)............................................................................... 8, 9

*Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha,*
   57 F.3d 1051, 1053-54 (Fed. Cir. 1995) ........................................................................... 9

*R&P Pools, Inc. v. The New Kayak Pool Corp.,*[1]
   2001 U.S. Dist. LEXIS 1505, at *1-6 (W.D.N.Y. Feb. 14, 2001) ............................... 9, 10

*Volkswagen of America, Inc. v. Engelhard Minerals & Chems. Corp.,*
   401 F. Supp. 1210, 1213 (S.D.N.Y. 1975)..................................................................... 6, 7

Statutes

35 U.S.C. § 271(b) ................................................................................................................... 5

---

[1]    *New Kayak Pool* was attached as D.I. 11, Ex. 8 to the Declaration of Edward R. Lawson, Jr. filed with the opening brief, but is not identified in the Declaration of Edward R. Lawson, Jr. (D.I. 11) filed with the opening brief.

1.

## NATURE AND STAGE OF THE PROCEEDING

On December 27, 2005, Plaintiffs Positec USA Inc. (a North Carolina Corporation) and Positec USA Inc. (a South Carolina Corporation) (collectively, "Positec USA") filed a complaint seeking a declaratory judgment that: (1) the claims of three patents owned by Defendant Milwaukee Electric Tool Corporation ("Milwaukee"), U.S. Patent Nos. 6,108,916, 6,301,790, and 6,588,112 (the "Patents-in-Suit"), are invalid; and (2) Positec USA does not infringe the claims of the Patents-in-Suit. *See* D.I. 1 at 5-8. On January 17, 2006, Milwaukee filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(1), *see* D.I. 9, as well as an opening brief in support, *see* D.I. 10. On January 31, 2006, Positec USA filed a brief in opposition to Milwaukee's motion. *See* D.I. 12. In response, Milwaukee files this reply brief in support of Milwaukee's motion to dismiss.

## SUMMARY OF ARGUMENT

Positec USA's assertions that Positec USA had a reasonable apprehension of suit are without merit. Contrary to Positec USA's version of the December 15, 2005 letter from Milwaukee to Positec Machinery Co. Ltd. in China ("Positec China"), Milwaukee did not threaten to sue importers of the WORX Circular Saw. The letter actually requests the name of the manufacturer and of the importer *only* "[i]f your company [Positec China] does not manufacture the WORX Circular Saw." Since Positec China *does* manufacture the saw, there was no need to identify the importer. Thus, the letter was clearly intended to ensure that Milwaukee was dealing with the manufacturer of the saw, not to identify a United States company to sue.

2.

Neither the December 15th letter nor Milwaukee's prior communications to Positec China and Positec Germany GmbH ("Positec Germany") are sufficient to establish a reasonable apprehension of suit on the part of Positec USA. Positec USA was not the target, let alone the obvious target, of Milwaukee's concerns, as Positec USA claims in its opposition brief. Milwaukee's communications actually demonstrate that Milwaukee's interest was in dealing directly <u>and only</u> with the manufacturer of the WORX Circular Saw. Dealing with the manufacturer could cease all infringing activities and avoid involving all the myriad distributors, retailers and resellers of the saw.

The test for determining whether a reasonable apprehension of suit exists is an objective one and focuses solely on the actions of the patentee. Positec USA's subjective and unreasonable fear of suit, as described in the Declaration of Thomas Duncan, is both unwarranted and insufficient to satisfy the reasonable apprehension requirement for an actual case or controversy. Mr. Duncan bases his suspicious fear on nothing more than mischaracterizations of Milwaukee's communications with Positec China.

While unsuccessfully attempting to distinguish the *New Kayak Pool* decision, Positec USA actually presents a factual scenario in the Declaration of Thomas Duncan identical to that presented in *New Kayak Pool*. Positec USA has planned a significant marketing campaign for the WORX Circular Saw and, like the plaintiff in *New Kayak Pool*, is attempting to obtain an advisory opinion in order to ensure that Positec China continues supplying the WORX Circular Saw to it.

## STATEMENT OF FACTS[2]

On January 17, 2006, Milwaukee sent a letter to Positec China regarding the Patents-in-Suit as they relate to the WORX Circular Saw. *See* Ex. 9. In this letter, Milwaukee explained that its prior correspondence with Positec China and Positec Germany, including the letter Milwaukee sent to Positec China on December 15, 2005, was only intended to "initiate a dialogue in the hopes of reaching an amicable global business resolution." *Id*. at 1. Milwaukee stated that at this time it "has no intention of litigating" the Patents-in-Suit against Positec USA or any other customer, distributor, or sales representative of Positec China, and also that it is hopeful that direct communications with Positec China, as the manufacturer of the WORX Circular Saw, will avoid litigation entirely. *Id*. Milwaukee further explained that litigation at this time would be premature, that it currently has no intention of bringing a lawsuit asserting infringement of the Patents-in-Suit against Positec China or Positec Germany, and that it will do so only if a reasonable business solution cannot be reached. *Id*.

## ARGUMENT[3]

**I.     Positec USA's Assertions That Positec USA Had A Reasonable Apprehension Of Suit Are Without Merit.**

    **A.     Milwaukee Has Not Threatened To Sue Importers Of The WORX Circular Saw.**

In its opposition brief, Positec USA asserts that through its December 15, 2005 letter to Positec China, Milwaukee expressly threatened to sue the importer of the WORX Circular Saw

---

[2]     "Ex. ___" refers to the exhibits attached to the Declaration of Edward R. Lawson, Jr. filed with this reply brief.

[3]     "D.I. 11, Ex. ___" refers to the exhibits attached to the Declaration of Edward R. Lawson, Jr. filed with the opening brief in support of the motion to dismiss.

4.

and "made clear that Milwaukee had every intention of pursuing litigation against Positec USA once its identity could be determined." D.I. 12 at 7, 12.

An objective review of the letter, however, makes it clear that Milwaukee did not make any such threat. The December 15, 2005 letter stated:

> **If your company does not manufacture the WORX Circular Saw** and the other substantially similar circular saws or power tools, we insist that you provide to us immediately the name, address and contact information of the manufacturer and of the importer, if these parties are different, so that Milwaukee can enforce its intellectual property rights against such parties.

D.I. 11, Ex. 7 at 2-3 (emphasis added). This language clearly indicates that Milwaukee's intention was simply to ascertain whether Positec China manufactures the WORX Circular Saw, in order to make certain that Milwaukee was communicating with the proper party. If Positec China was not the manufacturer of the WORX Circular Saw, then Milwaukee was requesting that Positec China inform Milwaukee as to whom Milwaukee should be contacting instead.

Milwaukee had previously asked for this information in its September 9, 2005 and October 10, 2005 letters to Positec Germany and Positec China, respectively, but had not received confirmation from either party as to whether it was, indeed, the manufacturer of the WORX Circular Saw. *See* D.I. 11, Exs. 2-5. In the brief October 23, 2005 email from Positec China to Milwaukee, Positec China ignored Milwaukee's request and merely stated, "[w]e have read both of your letters carefully and we feel that Positec does not make use of any valid claim of Milwaukee." D.I. 11, Ex. 5. Milwaukee was clearly not attempting to determine the identity of a United States company, such as Positec USA, to sue. Significantly, Positec USA, as made clear in Thomas Duncan's declaration, was fully aware that Positec China was the actual manufacturer and could have acknowledged that fact to Milwaukee. *See* D.I. 13. If Milwaukee had been interested in determining the identity of a United States seller of the WORX saw,

5.

Milwaukee would have unconditionally asked Positec China for that information. Contrary to Positec USA's claims about Milwaukee's December 15th letter, Milwaukee did not threaten to sue Positec USA.

> B. **Milwaukee's Communications With Positec China And Positec Germany Are Also Insufficient To Provide Positec USA With A Reasonable Apprehension of Suit.**

Positec USA points to other passages in Milwaukee's December 15th letter, e.g., the request to cease advertisement and the accusation that the WORX saw was covered by the claims of Milwaukee's U.S. patent, as an indication that the letter was an obvious threat to Positec USA. *See* D.I. 12 at 10-14. Positec USA bases its contention that these statements necessarily indicate that Positec USA was Milwaukee's target on its allegation that Positec USA is the only company advertising, offering for sale, and selling the WORX Circular Saw in the United States, implying that Positec China is not susceptible to suit in the United States. *See id*. This argument is without merit. Positec China could, at a minimum, be sued for actively inducing infringement in the United States. *See* 35 U.S.C. § 271(b); *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1344, 1351 (Fed. Cir. 2001) (acts by a Singapore manufacturer connected with selling a product to another company, which then sold the product to the U.S. market, constituted active inducement).

This argument also ignores that allowing a manufacturer's customers, distributors, or resellers to initiate a declaratory judgment action against a patentee based solely upon the patentee's discussions with the manufacturer would effectively preclude the patentee from attempting to resolve potential patent issues with the manufacturer before involving all of the myriad resellers of the product. Milwaukee chose to contact Positec China, the manufacturer of

the WORX Circular Saw, not Positec USA or any of the retail outlets[4] that sell the saw, because dealing directly with the manufacturer can cease infringing activities from a central point. All of the infringing activities listed in the December 15, 2005 letter, including advertisement, offering for sale, sale, and use, will necessarily be stopped if the manufacture of the infringing product is stopped. It would not make sense for a patentee to attempt to deal with distributors or other customers of the manufacturer when dealing with the manufacturer alone can resolve any issues.

The cases cited by Positec USA in its opposition brief do not support its assertion that Positec USA had a reasonable apprehension of suit based on Milwaukee's correspondence with Positec China and Positec Germany. In *Volkswagen of America, Inc. v. Engelhard Minerals & Chemicals Corporation*, 401 F. Supp. 1210, 1213 (S.D.N.Y. 1975), legal counsel for the declaratory plaintiff, *i.e.*, Volkswagen of America ("VWA"), the U.S. subsidiary of Volkswagen of Germany ("VWG"), met with representatives of the patentee to discuss a license agreement prior to VWA filing suit against the patentee. No agreement was reached during the meeting. 401 F. Supp. at 1213. Subsequently, the patentee, in a letter addressed directly to counsel for VWA, argued the validity of the patent at issue. *Id*. In contrast, Milwaukee had never communicated with Positec USA prior to receiving the declaratory judgment complaint. D.I. 11 at ¶ 9. Positec USA was not even mentioned in any communications between Milwaukee and Positec China or between Milwaukee and Positec Germany. *See* D.I. 11, Exs. 2-7. The plaintiff in *Volkswagen* met with, discussed license agreements with, and received a letter from the defendant prior to filing suit. *Volkswagen*, 401 F. Supp. at 1213.

---

[4] In the Declaration of Thomas Duncan, filed January 31, 2006, Mr. Duncan states that Positec USA resells the WORX Circular Saws to retail outlets throughout the United States. D.I. 13 at ¶ 4.

7.

In *Ethicon, Inc. v. American Cyanamid Co.*, 369 F. Supp. 934, 935 (D.N.J. 1973), the declaratory judgment plaintiff was a manufacturer, rather than a distributor or reseller. In addition, the plaintiff in *Ethicon* argued that an actual controversy existed based on a suit filed by the defendant in Great Britain. 369 F. Supp. at 936. Thus, *Ethicon* does not support Positec USA's assertion that communications to a manufacturer provide a distributor or other reseller with a reasonable apprehension of suit.

### C. Positec USA's Subjective Fear Of Suit Is Unwarranted And Is Insufficient To Satisfy The Reasonable Apprehension Requirement.

Positec USA's argument relies primarily on the Declaration of Thomas Duncan. *See* D.I. 13. In his declaration, Mr. Duncan, the President of Positec USA, details his subjective fear that Milwaukee would initiate a patent infringement suit against Positec USA. *See id*. However, Mr. Duncan's subjective fear is insufficient to satisfy the reasonable apprehension requirement. His fear, even assuming *arguendo* that it was real, was not reasonable.

Mr. Duncan states that the October 10, 2005 letter from Milwaukee to Positec China "made it clear to me that Milwaukee was intent on tracking down a Positec company that made or sold the WORX Circular saw so that it could commence a patent infringement action against it." D.I. 13 at ¶ 7. However, the October 10, 2005 letter does not mention the selling or offering to sell of the saw. *See* D.I. 11, Ex. 4. Rather, the October 10, 2005 letter only mentions manufacturing, stating:

> **If your company does not manufacture the WORX Circular Saw** or if potentially infringing components of the WORX Circular Saw are manufactured by others, please provide to us the name, address and contact information of these **manufacturers** so that Milwaukee **can advise** such parties of Milwaukee's intellectual property rights.

*Id*. at 1 (emphasis added). Mr. Duncan's conclusion that the letter made it clear that Milwaukee was intent on tracking down a Positec company to sue is an unreasonable mischaracterization of

8.

Milwaukee's letter.  Milwaukee was looking for the name of the manufacturer, **if** Positec China was not that manufacturer.

Mr. Duncan next states that the December 15, 2005 letter from Milwaukee to Positec China "demanded that Positec identify the name of any companies that imported the WORX Circular Saw so that it could 'enforce its intellectual property rights against these parties.'" D.I. 13 at ¶ 8.  This claim is incorrect.  As discussed above, the language that Mr. Duncan is referring to is clearly conditional.  *See supra* Part I.A.; D.I. 11, Ex. 7, at 2-3.  The information was requested only if Positec China was not the manufacturer of the WORX Circular Saw.  *See supra* Part I.A.; D.I. 11, Ex. 7, at 2-3.  It is clear from the text of the letter that Milwaukee simply wanted to know who makes the saw, if Positec China does not.  *See* D.I. 11, Ex. 7, at 2-3.

Mr. Duncan also indicates that his fear of suit was based at least partially on the fact that Milwaukee and its parent company, Techtronic Industries Co. Ltd., had "aggressively enforced its patent rights against other companies in this field" in the past.  D.I. 13 at ¶ 6.  However, this general unexplained subjective characterization of the litigation history of Milwaukee and affiliated companies does not include the WORX Circular Saw, the Patents-in-Suit, or any Positec companies, and thus is too vague and remote to make Mr. Duncan's subjective fear reasonable.  *See Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 883 (Fed. Cir. 1985) (On the basis of an offer of a license and prior patent litigation initiated by the defendant against two parties unrelated to the plaintiff, the court held that "[a]lthough the apprehension may have been real, we do not agree that it was reasonable on the present record.")

Mr. Duncan's subjective fear of suit by Milwaukee is insufficient to satisfy the reasonable apprehension requirement.  The reasonable apprehension test is an objective test and focuses solely on the conduct of the patentee.  *See, e.g.*, *Cygnus Therapeutic Sys. v. Alza Corp.*,

9.

92 F.3d 1153, 1159 (Fed. Cir. 1996); *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993). The test requires more than just "the nervous state of mind of a possible infringer." *Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha*, 57 F.3d 1051, 1053-54 (Fed. Cir. 1995).

      **D.    Positec USA Is Attempting To Obtain An Advisory Opinion Before Investing Money And Effort Into A Marketing Campaign For The WORX Circular Saw.**

In *R&P Pools, Inc. v. The New Kayak Pool Corp.*, Case No. 01-CV-0051E(M), 2001 U.S. Dist. LEXIS 1505, at *1-2 (W.D.N.Y. Feb. 14, 2001)[5], the plaintiff, a retailer, brought a declaratory judgment action based on a cease and desist letter sent from the patentee to a supplier of the plaintiff. The plaintiff filed the lawsuit shortly before it was to print its Spring 2001 catalog, which was supposed to include the disputed product of the supplier. *New Kayak Pool*, 2001 U.S. Dist. LEXIS 1505, at *2. The court concluded that the plaintiff was attempting to assert the right of its supplier to bring a declaratory judgment action because the plaintiff believed the supplier would not do so. *Id.* at *5. Further, the court held that the plaintiff was attempting to obtain an advisory opinion as to the validity of the patents at issue to determine whether to include the disputed product in its catalog, and to ensure that the supplier would continue to make the product. *Id.* at *5-6. Accordingly, the court dismissed the case for lack of subject matter jurisdiction. *Id.* at *6.

In the Declaration of Thomas Duncan filed with Positec USA's opposition brief, Mr. Duncan states that he wanted to commence this litigation, not because he thought there was an imminent threat of suit from Milwaukee, but rather because "Positec USA was planning on

---

[5]     *New Kayak Pool* was attached as D.I. 11, Ex. 8 to the Declaration of Edward R. Lawson, Jr. filed with the opening brief, but is not identified in the Declaration of Edward R. Lawson, Jr. (D.I. 11) filed with the opening brief.

expending significant money and effort on a marketing campaign for the WORX Circular Saw." D.I. 13 at ¶ 10. Thus, as Positec USA itself did not have a reasonable apprehension of suit, Positec USA is merely attempting to obtain an advisory opinion of invalidity or noninfringement, so that it can decide whether to invest money into its planned marketing campaign. Like the plaintiff in *New Kayak Pool*, Positec USA wants to ensure that Positec China continues to manufacture the WORX Circular Saw, so that Positec USA can continue to sell it. *See New Kayak Pool*, 2001 U.S. Dist. LEXIS 1505, at *1-6.

**II.    Milwaukee's January 17, 2006 Letter To Positec China Further Demonstrates Its Intention To Deal Only With The Manufacturer Of The WORX Circular Saw.**

As stated in Parts I.A, I.B, and the opening brief, Milwaukee's communications of September 9, 2005, to Positec Germany, and October 10, 2005, November 4, 2005, and December 15, 2005 to Positec China reflect an intention to not pursue action against distributors or resellers of the WORX Circular Saw and instead to address patent issues directly with Positec China, the manufacturer of the saw. *See supra* Parts I.A-B; D.I. 10 at 6-10; D.I. 11, Exs. 2, 4, 6, 7. Milwaukee's January 17, 2006 letter to Positec China is further evidence of this intention. *See* Ex. 9. In this letter, Milwaukee explains that its prior correspondence, including the December 15, 2005 letter, was intended to "initiate a dialogue in the hopes of reaching an amicable global business resolution." *Id.* at 1. Milwaukee makes clear that it has no intention of litigating the Patents-in-Suit against any customer, distributor, or sales representative, including Positec USA, and that it hopes to avoid litigation entirely through direct communications with Positec China. *Id.* These statements clearly demonstrate Milwaukee's intention to deal directly with Positec China, rather than with any of the myriad resellers of the WORX Circular Saw.

11.

## **CONCLUSION**

For the foregoing reasons, Milwaukee respectfully requests that the Court enter an Order dismissing, with prejudice, Positec USA's Complaint for a lack of subject matter jurisdiction.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Leslie A. Polizoti*

_____
Jack B. Blumenfeld (#1014)
Leslie A. Polizoti (#4299)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@mnat.com
lpolizoti@mnat.com
(302) 658-9200
  *Attorneys for Defendant*
  *Milwaukee Electric Tool Corporation*

OF COUNSEL:

Michael E. Husmann
Joseph T. Miotke
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue
Suite 3300
Milwaukee, WI 53202-4108
(414) 271-6560

February 7, 2006
505554

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to William J. Marsden, Jr.

I further certify that on February 7, 2006 I caused to be served true and correct copies of the foregoing document on the following in the manner indicated:

### BY HAND

William J. Marsden, Jr.
FISH & RICHARDSON P.C.
919 N. Market St., Suite 1100
Wilmington DE 19899

### BY FEDERAL EXPRESS

Alan D. Smith
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110

/s/ *Leslie A. Polizoti*
Leslie A. Polizoti (#4299)