IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POSITEC USA INC., and POSITEC USA INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No. 05-890 GMS |
| v. ) | |
| ) | |
| MILWAUKEE ELECTRIC TOOL ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

**I.     INTRODUCTION**

On December 27, 2005, Positec USA Inc. (a North Carolina corporation) and Positec USA Inc. (a South Carolina corporation) (collectively, "Positec USA") brought this declaratory judgment action against Milwaukee Electric Tool Corporation ("Milwaukee"). Presently before the court is Milwaukee's Motion to Dismiss (D.I. 9). For the following reasons, the court will deny the motion to dismiss.

**II.     BACKGROUND**

Milwaukee is the assignee of U.S. Patent Nos. 6,108,916 (the "'916 patent"), 6,301,790 (the "'790 patent"), and 6,588,112 (the "'112 patent") (collectively, the "patents-in-suit"). The patents-in-suit are directed to circular saws having a movable handle. (D.I. 4 ¶¶ 13, 16-17.) In September 2005, Milwaukee became aware of the WORX Circular Saw (the "WORX Saw"), which is manufactured by one of the companies of Positec Group Limited (the "Positec Group"). (D.I. 12, at 3.) Milwaukee contacted Positec Germany GmbH ("Positec Germany"), by letter, to inquire further about the design of the WORX Saw, and to get some information about the manufacturer of

the saw. (D.I. 10, at 2.) Milwaukee's letter also included copies of the patents-in-suit. Positec Germany responded to Milwaukee, via email, stating that it had forwarded the September 2005 letter and patents-in-suit to Positec Machinery Co. Ltd. ("Positec China"). (D.I. 12, at 5.) On October 10, 2005, Milwaukee sent a letter and copy of the patents-in-suit to Positec China to again inquire about the design of the WORX Saw and its manufacturer. (D.I. 10, at 2.) Positec China responded on October 23, 2005, stating that "Positec does not make use of any valid claim of Milwaukee." (Id.) On November 4, 2005, Milwaukee responded, requesting the basis for Positec China's claim that Positec did not infringe and sales information regarding the WORX saw. (Id.) Positec China did not respond to the letter. (Id.) On December 15, 2005, Milwaukee sent another letter to Positec China, which stated that certain claims of the patents-in-suit were infringed by the WORX Saw. (D.I. 13, Ex. 7 at 2.) The letter advised Positec China to "immediately cease" the manufacture, offer for sale, sale, and use of the WORX Saw. (Id.) The letter further stated that Milwaukee "will be forced to commence an infringement action," in the event that Positec China did not cease its activities by December 29, 2005. (Id.) Finally, the letter insisted that Positec China provide the contact information of the manufacturer, if it did not manufacture the WORX Saw, and the contact information for the importer of the saws so that "Milwaukee can enforce its intellectual property rights against such parties." (Id. at 3.) Positec USA subsequently brought the present declaratory judgment lawsuit against Milwaukee.

Positec USA alleges that Milwaukee's conduct has given it a reasonable apprehension that Milwaukee would sue it for patent infringement. (D.I. 1 ¶ 21.) Accordingly, Positec USA asks the court to declare all claims of the patents-in-suit invalid and non-infringed. (Id. at Prayer for Relief.)

On January 17, 2006, Milwaukee filed a motion to dismiss for lack of subject matter jurisdiction. Also, on January 17, 2006, Milwaukee sent another letter to Positec China, "explain[ing]" that its prior correspondence with Positec Germany and Positec China, including the December 15, 2005 letter, "was only intended to 'initiate a dialogue in the hopes of reaching an amicable global business resolution.'" (D.I. 14, at 3.)

## III.  DISCUSSION

Milwaukee contends that the court should dismiss this declaratory judgment action because Positec USA had no objectively reasonable apprehension of imminent suit on the '916, '790, and '112 patents and, therefore, its claims are premature. In other words, Milwaukee contends the court lacks subject matter jurisdiction over Positec USA's declaratory judgment action.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the Court to address the merits of a plaintiff's complaint. Such a challenge may present either a facial or a factual challenge to subject matter jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When asserting a facial challenge, a defendant contends that the complaint alleges facts that, even if true, would be insufficient to establish the Court's jurisdiction. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). The present motion presents a facial challenge to the complaint because the jurisdictional facts are not in dispute. Such a motion requires the court to consider the allegations of the complaint as true and to make all reasonable inferences in the plaintiff's favor. *See id.* Additionally, the court must test the existence of jurisdiction as of the time the complaint was filed. *Lang v. Pacific Marine & Supply Co.*, 895 F.2d 761, 764 (Fed. Cir. 1990).

The Declaratory Judgment Act (the "Act") provides that "[i]n a case of actual controversy

. . . [a court of competent jurisdiction] may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Thus, before a court may exercise jurisdiction over a declaratory judgment action, the Act requires an "actual controversy between the parties." *Medimmune, Inc. v. Centocor, Inc.*, 409 F.3d 1376, 1378-79 (Fed. Cir. 2005) (citing *Teva Pharms. USA, Inc. v. Pfizer, Inc.*, 395 F.3d 1324, 1331 (Fed. Cir. 2005)). "In general, the presence of an 'actual controversy' within the meaning of the statute depends on 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 810 (Fed. Cir. 1996) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 826 (1941)).

However, a district court does not have jurisdiction to hear the action when there is no actual controversy. *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991), *cert. denied*, 112 S. Ct. 658 (1991). Moreover, "even assuming [the existence of] an actual controversy, the exercise of a court's jurisdiction over a declaratory judgment action is discretionary." *Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*, 982 F.2d 1520, 1526 (Fed. Cir. 1992) (citations omitted).

In the patent context, the Federal Circuit has developed a two-part test for determining whether the declaratory judgment action is justiciable: (1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit; and (2) present activity by the declaratory judgment plaintiff which could constitute infringement, or concrete steps taken by the declaratory judgment plaintiff with the intent to conduct such activity. *See Goodyear Tire & Rubber Co. v. Releasomers Inc.*, 824

F.2d 953, 955 (Fed. Cir. 1987) (citations omitted).  In addition, the declaratory judgment plaintiff bears the burden of proving the existence of facts underlying its allegations of the existence of an actual controversy.  *Jervis B. Webb Co. v. S. Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984).

Here, neither party disputes that the second element has been satisfied.  Thus, the court's determination turns on whether Positec USA has a reasonable apprehension of suit.  Positec USA, therefore, must be able to demonstrate that it has a reasonable apprehension of imminent suit.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (this requirement of imminence reflects the mandate in Article III of the U.S. Constitution that the injury in fact be "concrete," and "actual or imminent, not conjectural or hypothetical"); *see Teva Pharms. v. Pfizer, Inc.*, 395 F.3d 1324, 1333 (Fed. Cir. 2005); *E.I. DuPont de Nemours & Co. v. Great Lakes Chem. Corp.*, 383 F. Supp. 2d 642, 647 (D. Del. 2005).

In the present case, Positec USA asserts that it had a reasonable apprehension of an imminent patent infringement suit when it filed this declaratory judgment action, based on Milwaukee's explicit and unambiguous threats to institute litigation against the manufacturer and importer of the WORX Saw.  More particularly, Positec USA points to the December 15, 2005 letter from Milwaukee to Positec China, its sister company, which states that Milwaukee "will be forced to commence an infringement action to enforce its intellectual property rights and to stop your company's infringement," if Positec China has not ceased infringing activities by December 29, 2005. (D.I. 11, Ex. 7 at 2.)  In the letter, Milwaukee also inquires as to whether Positec China is the manufacturer of the WORX Saw and, if Positec China is not the manufacturer, "insist[s] that [Positec China] provide to [it] *immediately* the name, address and contact information of the manufacturer and of the importer, if these parties are different, so that Milwaukee can enforce its

intellectual property rights against such parties." (Id. at 2-3) (emphasis in original). Milwaukee's letter further "insist[s]" that Positec China provide it "a full and complete accounting of any infringing circular saws or power tools manufactured, *sold*, or used in Germany, in the United Kingdom, or *in the U.S.*" (Id. at 2) (emphasis added).

After having read and considered Milwaukee's December 15, 2005 letter, the court concludes that it contains an explicit and direct threat of a patent infringement suit against Positec China.[1] However, the question remains as to whether the letter constitutes an explicit threat of infringement against Positec USA. Positec USA maintains that the letter does. As support, Positec USA offers the following evidence: (1) the letter does not speak to only the manufacturer of the WORX Saw, but also the importer and seller of the saw in the United States; (2) Positec China is the sister corporation of Positec USA; and (3) Positec USA is the only company of the Positec Group that imports and cells the WORX Saw in the United States.

Conversely, Milwaukee contends that the December 15, 2005 letter was addressed to only the manufacturer of the saw and, therefore, Milwaukee has not threatened to sue importers of the saw. Milwaukee refers the court to the following line in the letter for support: "If your company

---

[1] Milwaukee contends in its reply brief that its January 17, 2006 letter to Positec China regarding the patents-in-suit evidences an intention to address patent issues directly with Positec China, the manufacturer of the saw. According to Milwaukee, the letter "explains that its prior correspondence, including the December 15, 2005 letter, was intended to 'initiate a dialogue in the hopes of reaching an amicable global business resolution.'" (D.I. 14, at 10; D.I. 15, Ex. 9 at 1.) The letter discusses the present case, and states that Milwaukee "has no intention of litigating its referenced patents against Positec USA or any other customer, distributor or sales representative of Positec China at this time." (Id.) The letter also states that Milwaukee hopes to avoid litigation entirely by communicating directly with Positec China. (Id.) The court finds that Milwaukee's attempt, after the commencement of this lawsuit, to backpedal and "explain" the real intention of its prior letters belies its assertion that it did not threaten litigation against Positec USA.

does not manufacture the WORX Circular Saw . . . we insist that you provide to us immediately the name, address and contact information of the manufacturer and of the importer, if these parties are different, so that Milwaukee can enforce its intellectual property rights against such parties." (D.I. 14, at 4.) Milwaukee contends that the above-cited language "clearly indicates that [its] intention was simply to ascertain whether Positec China manufactures the WORX Circular Saw, in order to make certain that [it] was communicating with the proper party." (Id.)

After having considered the parties' positions, the court concludes that Positec USA's argument is more persuasive for several reasons. First, while Milwaukee contends that its December 15, 2005 letter was not meant to threaten importers of the WORX Saw, the actual words of the letter tell a different story. Contrary to Milwaukee's position, the letter directly implicates importers of the saw, even though it does not directly name any, by insisting that Positec China provide Milwaukee with contact information of the manufacturer and importer, so that it could enforce its intellectual property rights as to both of them. In addition, the letter requests an accounting of any "infringing circular saws . . . manufactured, sold or used . . . in the U.S." (D.I. 11, Ex. 7 at 2.) This request begs the question: why would Milwaukee ask for information regarding importers, sales, and use in the United States if it only desired to sue the manufacturer of the saws. Given the foregoing, the court cannot conclude that Milwaukee's actions were directed only to the manufacturer of the saws.

Furthermore, courts have held indirect charges of patent infringement sufficient to support a declaratory judgment action challenging the validity of a patent. *Volkswagen of America v. Engelhard Minerals & Chemicals Corp.*, 401 F. Supp. 1210 (S.D.N.Y. 1975); *see Lex Computer & Management Corp. v CBS Inc.*, 684 F. Supp. 811 (S.D.N.Y. 1988). In the *Volkswagen* case,

Volkswagen's United States subsidiary, Volkswagen of America ("VWA"), filed a declaratory judgment action of non-infringement against a company holding patents directed to catalytic converters. *Volkswagen*, 401 F. Supp. at 1212-13. The defendant moved to dismiss for lack of subject matter jurisdiction and argued that VWA's European parent, and not VWA, was threatened with an infringement suit. *Id.* at 1213. The court denied the motion to dismiss, noting that "[i]n patent cases, a justiciable controversy has been found to exist where a patentee has 'charged' a company with infringement, either directly or indirectly, provided that company has already begun to produce and sell the allegedly infringing device, or made substantial preparations to do so." *Id.* (quoting *Muller v. Olin Mathieson Chem. Corp.*, 404 F.2d 501, 504 (2d Cir. 1968)). The court further noted that the "charge of infringement" requirement is to be liberally construed. *Volkswagen*, 401 F. Supp. at 1213. Finally, the court held that "[i]ndirect, as well as direct charges of infringement may be sufficient to support a declaratory judgment action challenging the validity of a patent," and that "any infringement charge against [VWA's parent] with respect to cars imported into the United States creates a very significant risk of suit for VWA, the wholly-owned subsidiary . . . and the sole importer and distributor of Volkswagens in the United States." *Id.* at 1214.

The facts of the present case are strikingly similar to those in *Volkswagen*. Here, Positec USA is a sister company to Positec China, and the sole importer of the WORX Saw in the United States. (See D.I. 13 ¶¶ 3-4.) Therefore, any infringement charge against Positec China with respect to WORX Saws imported into the United States creates a very significant risk of suit for Positec USA. Given these facts, the court concludes that Positec USA has demonstrated a reasonable apprehension of an infringement suit by Milwaukee, based upon Milwaukee's indirect threat of

infringement in its December 15, 2005 letter.[2] Accordingly, the court will exercise its discretion to hear this declaratory judgment action and deny Milwaukee's motion to dismiss.


Dated: September 25, 2006                       /s/ Gregory M. Sleet
                                                                            UNITED STATES DISTRICT JUDGE

---

[2] Milwaukee cites *R&P Pools, Inc. v. The New Kayak Pool Corp.*, Case No. 01-CV-0051E(M), 2001 U.S. Dist. LEXIS 1505, at *1-2 (W.D.N.Y. Feb. 14, 2001), as supporting dismissal of this action for lack of subject matter jurisdiction. In *R&P Pools*, the district court dismissed a declaratory judgment action brought by a retailer, and based on a cease and desist letter sent from the patentee to a supplier of the retailer. *Id.* at *2. The court concluded that the plaintiff was attempting to assert the right of the supplier to bring the declaratory action, because the plaintiff believed that the supplier would not do so. *Id.* at *5. This court concludes that *R&P Pools* is distinguishable from the present case. First, *R&P Pools* is distinguishable because, in that case, the court noted that the plaintiff "d[id] not state that it fears that [the] defendant will bring an infringement suit against it." *Id.* In addition, the plaintiff even stated that the defendant had never asserted that its products infringe the patents-in-suit. *Id.* Here, in contrast, Positec USA alleges that it had a fear of an imminent suit when it filed its complaint based on Milwaukee's threats in its December 15, 2005 letter. Positec USA also alleges that Milwaukee asserted that its product, the WORX Saw, infringes the patents-in-suit. Further, in *R&P Pools*, the only relationship between the plaintiff and the third party was that of supplier and retailer. In the present case, Positec USA is a sister company of Positec China, and its only importer and seller of the WORX Saw in the United States. For these reasons, the court finds *Volkswagen*, and not *R&P Pools*, more on point with the facts of this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POSITEC USA INC., and POSITEC USA INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | C.A. No.  05-890 GMS |
| v. ) | |
| ) | |
| MILWAUKEE ELECTRIC TOOL ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1.  The defendant's Motion to Dismiss (D.I. 9) is DENIED.

Dated: September 25, 2006         /s/ Gregory M. Sleet
                                 UNITED STATES DISTRICT JUDGE