IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| POSITEC USA INC., a North Carolina Corporation and POSITEC USA INC., a South Carolina Corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>MILWAUKEE ELECTRIC TOOL CORPORATION,<br><br>    Defendant. | Case No. 05-CV-890-GMS |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Positec USA Inc. (a North Carolina Corporation) and Positec USA Inc. (a South Carolina Corporation) (collectively, "Positec USA") bring this action to obtain a declaratory judgment that Positec USA's manufacture, use, sale, offer for sale and importation of its WORX Circular Saw do not infringe any valid claim of United States Patent Nos. 6,108,916, 6,301,790, 6,588,112, and 7,096,588 (the "Patents-in-Suit"). This action is filed pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of resolving an actual and justiciable controversy between Positec USA and Defendant Milwaukee Electric Tool Corporation.

**Parties**

1.    Plaintiff Positec USA Inc. (North Carolina) is a corporation organized under the laws of the state of North Carolina with its principal place of business at 9009 Perimeter Woods Drive, Suite 1, Charlotte, North Carolina 28216.

2.    Plaintiff Positec USA Inc. (South Carolina) is a corporation organized under the laws of the state of South Carolina with its principal place of business at 3519 Pelham Road, Greenville, South Carolina 29615.

3. Plaintiffs Positec USA Inc. (North Carolina) and Positec USA Inc. (South Carolina) are in the process of merging into a single North Carolina corporation. Plaintiffs Positec USA Inc. (North Carolina) and Positec USA Inc. (South Carolina) (collectively, "Positec USA") sell, offer to sell and import the WORX Circular Saw in the United States.

4. On information and belief, Defendant Milwaukee Electric Tool Corporation ("Defendant") is a corporation organized under the laws of the state of Delaware with its principal place of business at 13135 West Lisbon Road, Brookfield, WI 53005.

## Jurisdiction and Venue

5. Positec USA brings this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to obtain a judicial declaration that the Patents-in-Suit, purportedly owned by Defendant, have not been infringed by Positec USA or its customers, and are invalid. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and is based upon an actual and justiciable controversy between the parties with respect to the infringement and validity of the Patents-in-Suit.

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

7. Venue is proper before this court pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b) because the claims involve federal questions of patent law and Defendant, a Delaware corporation, is subject to personal jurisdiction in this district.

8. Defendant is subject to general and specific jurisdiction in this Court.

## Defendant's Allegations of Patent Infringement Against Positec USA

9. Positec USA sells the WORX Circular Saw in the United States. The WORX Circular Saw is manufactured in China and purchased in China by Positec USA for resale in the United States.

10. Defendant has contended that sales of the WORX Circular Saw in the United States infringes its proprietary rights existing under the Patents-in-Suit. The Patents-in-Suit are:

    a. United States Patent No. 6,108,916 ("the '916 Patent"), which issued on August 29, 2000, and is entitled "Movable Handle for a Power Tool." A copy of the '916 Patent is attached as Exhibit A.

    b. United States Patent No. 6,301,790 ("the '790 Patent"), which issued on October 16, 2001, and is entitled "Movable Handle for a Power Tool." A copy of the '790 Patent is attached as Exhibit B.

    c. United States Patent No. 6,588,112 ("the '112 Patent"), which issued on July 8, 2003, and is entitled "Movable Handle for a Power Tool." A copy of the '112 Patent is attached as Exhibit C.

    d. United States Patent No. 7,096,588 ("the '588 Patent"), which issued on August 29, 2006, and is entitled "Movable Handle for a Power Tool." A copy of the '588 Patent is attached as Exhibit D. The application that matured into this patent was published as publication number 2004-0003698 A1 ("the '698 published application").

11. All four of the patents-in-suit issued from applications having a common specification, the specification disclosing a particular design for a power tool having a moveable handle.

12. On information and belief, Defendant owns the Patents-in-Suit.

13. Between September 2005 and December 2005, Defendant repeatedly asserted that the WORX Circular Saw infringes one or more of the Patents-in-Suit and the claims of the '698 published application. For example, on September 9, 2005, Defendant sent a letter to Positec

Germany GmbH which alleged that Defendant was the owner of the Patents-in-Suit and that the WORX Circular Saw includes a feature that "is proprietary and a valuable property right of" Defendant.

14. On October 10, 2005, Defendant sent a letter to Positec Machinery Co. Ltd. of China. This letter, like the September 9, 2005 letter, alleged that Defendant was the owner of the Patents-in-Suit and that the WORX Circular Saw includes a feature that "is proprietary and a valuable property right of" Defendant.

15. On October 23, 2005, Ms. Wu of Positec Machinery Co. Ltd. of China responded to Defendant's letters by denying the allegation of patent infringement. "We have read both of your letters carefully and we feel Positec does not make use of any valid claim of [Defendant]."

16. Despite Positec's denial of infringement, Defendant continued to charge patent infringement. In fact, in a December 15, 2005 letter, Defendant increased its threats and now demanded that Positec "immediately cease" all sales of the WORX Circular Saw or Defendant "will be forced to commence an infringement action."

17. Defendant's December 15, 2005 letter to Positec Machinery Co. Ltd. of China specifically threatened to bring an infringement lawsuit unless the advertising, offering for sale, sale, use, and manufacture of the WORX Circular Saws ceases by December 29, 2005. In this same letter, Defendant alleged that the WORX Circular Saw infringes "at least Claims 1-2, 4, 6, 32-35, 37, and 39-40 of [Defendant's] '112 Patent." Defendant demanded that the advertising, offering for sale, sale, use, and manufacturing of the WORX Circular Saws "immediately cease": "Your company must **immediately** cease the advertisement, offering for sale, sale, use and manufacture of these infringing WORX Circular Saws and other substantially similar infringing circular saws or power tools."

4

18.     Defendant further threatened in the December 15, 2005 letter that if sales of the WORX Circular Saw did not cease, then a patent infringement action would be commenced: "We expect confirmation that your company has indeed ceased infringement of [Defendant's] intellectual property rights no later than December 29, 2005.  If your company fails to cease its infringing activities, [Defendant] will be forced to commence an infringement action to enforce its intellectual property rights and to stop your company's infringement."

19.     The letter concludes by repeating the demand to "immediately cease" sale of the WORX Circular Saw and threatening litigation:  "Again, we expect your company to **immediately** cease the advertisement, offering for sale, sale, use and manufacture of the infringing WORX Circular Saw and other substantially similar circular saws or power tools.  Also, no later than **December 29, 2005**, we expect confirmation that your company has indeed ceased infringement of [Defendant's] intellectual property rights.  Absent a confirmation from you by that deadline, we will be forced to take alternative action."

20.     In addition to alleging infringement of the '112 Patent, Defendant's December 15, 2005 letter also alleged that the WORX Circular Saw also falls within the scope of the '698 published application.  The '698 published application subsequently issued as the '588 patent.

21.     Positec USA denies that its advertising, offering for sale, sale, use and manufacture of the WORX Circular Saw infringes or is infringing the Patents-in-Suit.  Positec USA will not cease sales and importation of the WORX Circular Saw, despite Defendant's demands and threats.  Accordingly, there exists an actual and justiciable controversy between Positec USA and Defendant concerning infringement and validity of the Patents-in-Suit.

22. In sum, Defendant's conduct has caused Positec USA to reasonably and legitimately apprehend that Defendant will sue Positec USA for infringement of the Patents-in-Suit on account of its ongoing sales of the WORX Circular Saw.

## Count I

### (Declaratory Judgment Regarding the '916 Patent)

23. Positec USA incorporates by reference and realleges Paragraphs 1 through 22 of this Complaint.

24. The manufacture, use, sale, offer to sell, and/or importation of Positec USA's WORX Circular Saw does not infringe and has not infringed any valid claim of the '916 Patent. In addition, the manufacture, use, sale, offer to sell, and/or importation of Positec USA's WORX Circular Saw does not contribute to or induce the infringement of any valid claim of the '916 Patent; nor has Positec USA ever contributed to or induced the infringement of any such valid claim. Positec USA, its customers, and all others have the right to manufacture, have made, use, sell, offer to sell, and import Positec USA's WORX Circular Saw unhampered and unrestricted by Defendant.

25. The claims of the '916 Patent are invalid for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, Sections 101 et seq., including without limitation Sections 102, 103 and/or 112.

26. There is an actual and justiciable controversy between Positec USA and Defendant over the validity and infringement of the '916 Patent.

## Count II

### (Declaratory Judgment Regarding the '790 Patent)

27. Positec USA incorporates by reference and realleges Paragraphs 1 through 26 of this Complaint.

28. The manufacture, use, sale, offer to sell, and/or importation of Positec USA's WORX Circular Saw does not infringe and has not infringed any valid claim of the '790 Patent. In addition, the manufacture, use, sale, offer to sell, and/or importation of Positec USA's WORX Circular Saw does not contribute to or induce the infringement of any valid claim of the '790 Patent; nor has Positec USA ever contributed to or induced the infringement of any such valid claim. Positec USA, its customers, and all others have the right to manufacture, have made, use, sell, offer to sell, and import Positec USA's WORX Circular Saw unhampered and unrestricted by Defendant.

29. The claims of the '790 Patent are invalid for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, Sections 101 et seq., including without limitation Sections 102, 103 and/or 112.

30. There is an actual and justiciable controversy between Positec USA and Defendant over the validity and infringement of the '790 Patent.

## Count II

### (Declaratory Judgment Regarding the '112 Patent)

31. Positec USA incorporates by reference and realleges Paragraphs 1 through 30 of this Complaint.

32. The manufacture, use, sale, offer to sell, and/or importation of Positec USA's WORX Circular Saw does not infringe and has not infringed any valid claim of the '112 Patent. In addition, the manufacture, use, sale, offer to sell, and/or importation of Positec USA's WORX Circular Saw does not contribute to or induce the infringement of any valid claim of the '112

7

Patent; nor has Positec USA Inc. ever contributed to or induced the infringement of any such valid claim. Positec USA, its customers, and all others have the right to manufacture, have made, use, sell, offer to sell, and import Positec USA's WORX Circular Saw unhampered and unrestricted by Defendant.

33.    The claims of the '112 Patent are invalid for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, Sections 101 et seq., including without limitation Sections 102, 103 and/or 112.

34.    There is an actual and justiciable controversy between Positec USA and Defendant over the validity and infringement of the '112 Patent.

## Count IV

### (Declaratory Judgment Regarding the '588 Patent)

35.    Positec USA incorporates by reference and realleges Paragraphs 1 through 34 of this Complaint.

36.    The manufacture, use, sale, offer to sell, and/or importation of Positec USA's WORX Circular Saw does not infringe and has not infringed any valid claim of the '588 Patent. In addition, the manufacture, use, sale, offer to sell, and/or importation of Positec USA's WORX Circular Saw does not contribute to or induce the infringement of any valid claim of the '588 Patent; nor has Positec USA Inc. ever contributed to or induced the infringement of any such valid claim. Positec USA, its customers, and all others have the right to manufacture, have made, use, sell, offer to sell, and import Positec USA's WORX Circular Saw unhampered and unrestricted by Defendant.

37.     The claims of the '588 Patent are invalid for failure to comply with one or more provisions of the Patent Laws of the United States of America, Title 35, United States Code, Sections 101 et seq., including without limitation Sections 102, 103 and/or 112.

38.     There is an actual and justiciable controversy between Positec USA and Defendant over the validity and infringement of the '588 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Positec USA asks this Court to enter judgment in Positec USA's favor against Defendant granting the following relief:

A.     A declaration that the WORX Circular Saw does not infringe and has not infringed any of the claims of the Patents-in-Suit under any subsection of 35 U.S.C. § 271;

B.     A declaration that the claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 102, 103, and/or 112;

C.     An order enjoining Defendant and its respective officers, partners, employees, agents, parents, subsidiaries, and affiliates from suing or threatening to sue for infringement of any of the Patents-in-Suit on the basis of the making, using, selling, offering for sale or importing of any WORX Circular Saw products; and

E.	Any such other and further relief, including an award of Positec USA's costs of suit and attorneys' fees to the extent permitted by law, that this Court deems just and proper.

Dated: October 2, 2006                               FISH & RICHARDSON P.C.

By: *s/s Kyle Wagner Compton*
    William J. Marsden, Jr. (#2247)
    Kyle Wagner Compton (#4793)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE 19899-1114
    (302) 652-5070 Telephone
    (302) 652-0607 Facsimile

    Alan D. Smith
    Lawrence K. Kolodney
    Benjamin Enerson
    Fish & Richardson P.C.
    225 Franklin Street
    Boston, MA 02110-2804
    (617) 542-5070 Telephone
    (617) 542-8906 Facsimile

Attorneys for Plaintiffs, POSITEC USA INC. (NORTH CAROLINA), and POSITEC USA INC. (SOUTH CAROLINA)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October, 2006, I electronically filed First Amended Complaint for Declaratory Judgment using CM/ECF which will send notification of such filing to the following. A copy will also be hand delivered.

Jack B. Blumenfeld  *Attorneys for Defendant*
Morris, Nichols, Arsht & Tunnell  *Milwaukee Electric Tool Corporation*
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

I also certify that on October 2, 2006, I mailed by United States Postal Service, the above documents to the following non-registered participants:

Michael E. Husmann  *Attorneys for Defendant*
Joseph T. Miotke  *Milwaukee Electric Tool Corporation*
Michael Best & Friedrich LLP
100 East Wisconsin Avenue
Milwaukee, WI  53202-4108

  */s/ Kyle Wagner Compton*
Kyle Wagner Compton (#4693)

80029959.doc